NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JENNIFER VOREIS WETHE, *Petitioner/Appellee*,

*v.*

TROY BURTON WETHE, *Respondent/Appellant*.

No. 1 CA-CV 19-0185 FC
FILED 1-28-2020

Appeal from the Superior Court in Maricopa County
No. FC2017-054836
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Hildebrand Law, P.C., Scottsdale
By Kent Millward
*Counsel for Petitioner/Appellee*

Sirlin Law Firm, LLC, Phoenix
By Randi S. Sirlin
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

_____

**C R U Z**, Judge:

¶1          Troy Burton Wethe ("Husband") appeals from the family court's award of spousal maintenance in the decree of dissolution and the court's denial of his request for attorneys' fees.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          Husband married Jennifer Voreis Wethe ("Wife") in 2000. Husband and Wife had two children during the marriage.  The parties later separated and attempted mediation, but were unable to resolve their dispute, and Wife petitioned for dissolution of the marriage in 2017.

¶3          The parties reached an agreement pursuant to Rule 69 of the Rules of Family Law Procedure resolving issues regarding legal decision-making authority, parenting time, and asset distribution.  The court held a trial to decide spousal maintenance and Husband's request for attorneys' fees and costs, among other issues not relevant to this appeal.  Husband requested spousal maintenance of $2,500 per month for eight years.

¶4          At trial, the court heard testimony from both parties regarding their respective careers and their standard of living during the marriage.  Wife is a neuropsychologist, and at the time of trial, she earned approximately $170,000 a year.  Husband testified at trial that he had recently taken a position as a career coach at Grand Canyon University earning $50,000 a year, and he supplemented that income as a tennis instructor.  Husband has a master's degree in education, specializing in counseling psychology, but he testified that prior to his current employment, the last time he had a job applying those skills "would have been 2006."  He testified that he spent significant time at home caring for his children and his ailing father.

¶5          The court awarded Husband spousal maintenance of $1,000 per month for two years and denied Husband's request for attorneys' fees and costs.  Husband timely appealed, and we have jurisdiction pursuant to

Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

I.    Spousal Maintenance

**¶6**        Husband argues the court abused its discretion in awarding him only $1,000 in monthly spousal maintenance for two years. We review court orders on spousal maintenance for an abuse of discretion. *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012). The court abuses its discretion if it makes an error of law in reaching a discretionary conclusion or if the record does not support a discretionary ruling. *Id.* We do not reweigh evidence on appeal, and we will affirm the court's ruling if substantial evidence supports it. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶7**        In reviewing the amount and duration of an award of spousal maintenance, we consider whether the court properly considered the factors set out in A.R.S. § 25-319(B). *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984). The court need not apply every factor listed in § 25-319(B), as some factors may not apply. *Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 15 (App. 2007). Fixed-term maintenance promotes the receiving spouse's "diligent effort to become self-sustaining," but a court should balance this goal against a "realistic appraisal of the probabilities" that the receiving spouse can actually become self-sustaining to a "reasonable approximation of the standard of living" the spouses enjoyed during the marriage. *Rainwater v. Rainwater*, 177 Ariz. 500, 503 (App. 1993) (citation omitted) (internal quotation marks omitted).

**¶8**        As to the first factor under A.R.S. § 25-319(B), Husband contends the court erred in finding the parties enjoyed a "nice, middle-class standard of living." He insists that the parties instead enjoyed a higher standard of living, or "an upper, middle class standard of living," citing "expensive wine clubs," trips, timeshares, late-model cars, and camps for one child. In separate pretrial statements, Wife described the parties' standard of living as "average for a 4-person household," and Husband described "an upper middle-class standard of living" with "a nice home in Scottsdale" and both parties belonging to "expensive health clubs." Husband testified that the family lived in "a nice house," had timeshares, "went on trips," and enjoyed "Wine of the Month Clubs." But the court noted that the parties rented, and did not own, the marital home in which the family lived prior to separation, and that neither party presented credible evidence "the parties took multiple vacations, repeatedly

purchased new vehicles, incurred substantial debt for which they still owe, or lived an upper class lifestyle." That the court found it received "no credible evidence" regarding a lifestyle above middle class indicates the court considered Husband's testimony and weighed the credibility of his characterization of the parties' standard of living. We generally defer to the findings of the court because "the family court is in the best position to judge the credibility of witnesses and resolve conflicting evidence." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015). On this record, the court did not abuse its discretion in determining the parties' standard of living.

**¶9** Husband also cites health issues that he argues prevent him from maintaining appropriate employment: a prior stroke, "CADASIL, an early onset dementia disease," and he was issued "a permanent handicap placard." The court found "no credible evidence" that demonstrated Husband "has any physical or mental health issues" impacting his ability to seek or maintain employment. *See* A.R.S. § 25-319(B)(3). The record supports this finding. Husband's separate pretrial statement does not mention either medical condition, and Husband did not testify that he had been diagnosed with CADASIL, that he had any ongoing effects from a stroke, or that he faced any other health limitations. Because Husband did not raise these arguments before the court, they are deemed waived, and we do not consider them here. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007). We find no error in the court's finding that Husband does not have physical or mental issues affecting his ability to find and maintain employment.

**¶10** Husband raises other arguments contesting the court's findings under A.R.S. § 25-319(B).[1] He argues that the court's spousal maintenance award did not adequately account for his contributions to Wife's career, did not address the disparity in the parties' salaries, and did not consider sufficiently the reasonableness of the community property division in relation to his "reasonable needs." Husband also contests the court's finding, under A.R.S. § 25-319(B)(11), that it received "no credible evidence" of concealment of property held in common. He argues instead that he presented evidence of Wife's concealment of community funds. However, the court's finding makes it clear that it did not find "credible" evidence on concealment of community funds. The key is that the court did not find whatever evidence it heard to be credible. As such, Husband's

---

[1] In his appellate brief, Husband describes the spousal maintenance award as "non-modifiable." However, the court explicitly ordered that "the award shall be modifiable as to amount and duration in accordance with A.R.S. § 25-327."

additional arguments essentially ask us to reweigh evidence presented to the court; we will not do so. *Hurd*, 223 Ariz. at 52, ¶ 16. The court, in its fact-finding role, is tasked with making credibility determinations. Here, the record supports the court's findings as to each factor under § 25-319(B) and its credibility determinations. In fact, the record is replete with evidence which contradicts Husband's position at trial. For instance, having heard the parties' testimony, the court found that "[i]f [Wife] is correct, [Husband] was not a stay-at-home parent from 2007 to 2013," that "[Wife] testified that [Husband] was underemployed during the recent years in their marriage," and that "[Wife] testified the parties hired a nanny who worked with the family almost fulltime and actually moved with the family to Indianapolis." On this record, there is a sufficient basis to hold the court did not abuse its discretion in determining the amount and duration of the spousal maintenance award.

II.      Attorneys' Fees

**¶11**        Husband argues that the court should have granted his request for attorneys' fees and costs. Husband contends that the court abused its discretion in considering how much each party paid toward the mediation and argues that the funds were community property. We review a ruling on a fee request for abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

**¶12**        A court may, in its discretion, award attorneys' fees after considering the financial resources of each party and the reasonableness of the parties' positions. A.R.S. § 25-324(A); *Myrick*, 235 Ariz. at 494, ¶ 9. Here, the court expressly addressed each. Despite finding a "substantial" disparity in financial resources, the court denied Husband's request for attorneys' fees and costs because he "acted unreasonably" during the litigation and in ultimately entering agreements "strikingly similar" to those he had rejected over a year prior. The court also found Wife's testimony regarding the ineffective mediation more credible than Husband's testimony. *See Vincent*, 238 Ariz. at 155, ¶ 18 (noting "the family court is in the best position to judge the credibility of witnesses" and that appellate courts generally defer to the family court's findings). As to his generalized argument that the court improperly characterized the payments for mediation, Husband fails to articulate clearly which payments were improperly attributed. Finding sufficient support on the record for the court's findings that Wife paid the majority of the fees associated with the parties' pre-decree mediation, we find no error.

¶13        Both parties request attorneys' fees and costs pursuant to A.R.S. § 25-324, and Wife requests fees and costs pursuant to ARCAP 25. In our discretion, we deny both requests for attorneys' fees. As the prevailing party, however, Wife is awarded her taxable costs on appeal upon compliance with ARCAP 21(b).

## CONCLUSION

¶14        For the foregoing reasons, we affirm the court's award of spousal maintenance and its decision to deny Husband's request for attorneys' fees, and we award Wife her taxable costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA

6