NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

JENNIFER BERK,
*Petitioner/Appellant*,

*v.*

PAUL DIMARCO,
*Respondent/Appellee*.

No. 1 CA-CV 19-0424 FC

FILED 6-25-2020

Appeal from the Superior Court in Maricopa County
No. FC2012-000217
The Honorable Todd F. Lang, Judge

**AFFIRMED**

COUNSEL

Chloe R. Woods, Phoenix
*Counsel for Petitioner/Appellant*

Greenberg Traurig, LLP, Phoenix
By Matthew P. Hoxsie
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1        Jennifer Berk (Mother) appeals from the superior court's order denying her petition to relocate her daughter to Missouri. Because Mother has shown no error, the order is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        Mother and Paul DiMarco (Father) are the parents of a nine-year-old daughter. From 2012 to 2014, the court entered various orders regarding parenting time, legal decision-making and support. In late 2018, after Mother lost her job as a tennis instructor in Arizona, she found another job in Florida. Mother filed a petition to relocate the child and sought to move by January 8, 2019. Father opposed Mother's petition. In January 2019, Mother relocated to Florida on an emergency basis as permitted by Arizona Revised Statutes (A.R.S.) section 25-408(F)(1) (2020).[1] Mother and the child remained in Florida until the court ordered that the child return and remain in Arizona.

¶3        After Father filed a petition to modify legal decision-making, the court set an evidentiary hearing to consider Mother's petition for relocation and Father's petition to modify. During that hearing, Mother changed her relocation request from Florida to Missouri. The court heard testimony from Mother, Father, the maternal grandfather, the child's stepmother, Father's co-worker and others.

¶4        The court concluded Mother had not shown "that moving to Missouri . . . is in the child's best interests" and denied her petition for relocation but awarded her sole legal decision-making authority. This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. § 12-120.21(A)(1).

---

[1] Absent other material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶5         This court reviews decisions regarding child custody and relocation for an abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420 ¶ 7 (App. 2003). The evidence is viewed in a light most favorable to upholding the court's findings. *Vincent v. Nelson*, 238 Ariz. 150, 155 ¶ 17 (App. 2015). "[T]he family court is in the best position to judge the credibility of witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the family court." *Id.* at 155 ¶ 18.

¶6         In resolving a relocation request, the court must "make specific findings on the record as to all relevant factors and the reasons its decision is in the children's best interests." *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 20 (App. 2009). The factors a court must consider are set forth by statute. *See* A.R.S. § 25-408(I). Section 408(I) incorporates the factors set forth in A.R.S. § 25-403(A) to evaluate the best interests of a child.

¶7         Mother argues that the court failed to make proper findings. More specifically, Mother argues the court "listed the relevant best interest factors . . . but failed to make any specific findings on any of the factors except for two." Relatedly, Mother also argues the court's findings makes it unclear whether the court placed too much weight on some factors and failed to consider others.

¶8         Contrary to Mother's assertions on appeal, the court made thorough and detailed findings as to why relocation to Missouri would not be in the child's best interests. Mother's reliance on *Owen* and *Hurd* is misplaced. In *Hurd*, the superior court did not make findings as to all the Section 408(I) factors and failed to make any findings as to the Section 403(A) factors. 223 Ariz. at 53-54 ¶¶ 22-26. And in *Owen*, the superior court "did not elaborate or explain how it weighed any factor." 206 Ariz. at 421 ¶ 8. Here, by contrast, the court made six pages of findings concerning all the relevant factors in Section 403(A) and Section 408(I).

¶9         Along with these findings, the record supports the superior court's ruling. As the parent seeking to relocate, Mother bore the burden of proving that moving to Missouri was in the child's best interest, not just Mother's interests. A.R.S. § 25-408(G). After considering the evidence, the court found Mother had failed to carry her burden of proof. The court found the child was closely bonded with stepmother and enjoys being a big sister to Father's other daughter. The court further noted that the child is thriving at home, at school and in the community. Although Mother has friends in Missouri, the court determined that Mother was unable to provide details

or specifics about those friendships. Mother acknowledged that the child does not have any close ties to Missouri. The court also concluded the "proposed move would not improve the Child's quality of life."

¶10      The superior court did not abuse its discretion in denying Mother's petition for relocation. The record demonstrates the court considered and made findings as to all the relevant factors. Ultimately, although Mother demonstrated that finding a tennis job in Phoenix is difficult, and while relocating to Missouri would improve her career, that alone does not justify relocating the child to Missouri away from Father, her extended family and friends. Accordingly, the order denying her petition seeking relocation is affirmed. In exercising the court's discretion, Mother's request for attorneys' fees and costs on appeal is denied.

## CONCLUSION

¶11      The order denying Mother's petition for relocation is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA