NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TARA JANE BROWN, *Petitioner/Appellant*,

*v.*

JEFFREY R. SMITH, *Respondent/Appellee*.

No. 1 CA-CV 20-0069 FC

FILED 12-1-2020

Appeal from the Superior Court in Maricopa County
No. FC2012-090788
The Honorable Suzanne Scheiner Marwil, Judge

**AFFIRMED**

COUNSEL

Alongi Law Firm PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Petitioner/Appellant*

Collins & Collins LLP, Phoenix
By Joseph E. Collins
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1        Tara Brown ("Mother") appeals two aspects of the superior court's order: (1) the re-affirmation of joint legal decision-making and (2) the modification of parenting time. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother filed for dissolution of her marriage to Jeffrey Smith ("Father") in 2012. The parties have three minor children. Although the parties originally agreed to share joint legal decision-making, Mother filed a petition in September 2015 to modify legal decision-making, parenting time, and child support. After an evidentiary hearing in March 2016, the superior court issued an order reflecting the parties' agreement to maintain joint legal decision-making. The court also adjusted the parties' summer parenting time to clarify scheduling for church camp and vacations.

¶3        Within a six-year period Mother and Father filed more than eight pleadings seeking court intervention in their disputes regarding decision-making and parenting time. They often designated these issues as emergencies. For example, Father contested a prior superior court ruling pertaining to one child's baptism, despite previously agreeing to raise the children in that faith. After Father moved to reconsider, Mother claims he became "extremely uncooperative." In response, Mother filed an emergency petition in March 2015 to enforce the baptism.

¶4        Mother filed another petition in February 2019, giving rise to this appeal, requesting sole legal decision-making with a duty of reasonable consultation. Mother also asked to restrict Father's parenting time. Father filed a counter-petition, asking for joint legal decision-making with him designated as the final decision maker. Father also sought clarification on when either party could schedule summer vacations. The superior court held an evidentiary hearing in November 2019 and issued an order denying both parties' legal decision-making modification requests and re-clarifying summer parenting time.

**¶5**      The superior court found "a substantial and continuing change exists because since the entry of [the earlier agreement] the parties have shown high conflict and an inability to effectively co-parent absent court intervention." The court then determined that awarding final decision-making authority to either parent would go against the children's best interests because "appointing a tie-breaker would likely lead to even less communication between the parties."

**¶6**      To improve the parties' communication, the superior court ordered the parties to enroll in Co-Parenter, a scheduling and communication platform. The court also found that Father is "expressly deemed the primary parent of the children during the time school is not in session for summer break." Mother's summer parenting time includes the seven days after school breaks for summer and the seven days preceding the next academic year. The parties have until April 30 each year to pick a church camp for their children who are at least twelve years old, as the parties previously agreed. Church camp represents a seven-day exception to Father's summer parenting time and all summer vacations must occur during each party's assigned parenting time.

**¶7**      Mother timely appeals, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

**¶8**      We review rulings on legal decision-making and parenting time for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). We view the evidence in the light most favorable to sustaining the superior court's findings and determine whether evidence in the record reasonably supports those findings. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015).

### I.    Legal Decision Making

**¶9**      Mother contends the superior court abused its discretion by imposing joint legal decision-making with no tie-breaking authority. She argues the court wrongfully characterizes both parties as "equal offenders" when it found a substantial and continuing change existed. When considering a petition for change of legal decision making, the court must first determine whether there has been a change in circumstances materially affecting the children's welfare. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013). If the court finds such a change, it must then determine whether a change in legal decision making would be in the children's best interests. *Id.* In a contested legal decision-making case, the

court must consider eleven factors and then make explicit findings on the record about any factors it finds relevant. A.R.S. § 25-403(A).

¶10       After explaining the change in circumstances, the superior court made findings as to each factor. *See id.* Specifically, the court highlighted the parties' escalating inability to communicate. The superior court also found that the children will "continue to need and benefit from dialogue between and input from both parents on their major life decisions." Although Mother disagrees with the superior court's order, arguing it is illogical and inconsistent, she fails to contest any specific factor from A.R.S. § 25-403, on which the superior court based its best interests finding. And the extensive pleadings filed by both parties support the court's finding of mutual high conflict.

¶11       Mother also argues that joint legal decision-making, under these circumstances, contradicts Arizona law. *See* A.R.S. § 25-403.01(B)(3) (the court must consider the past, present, and future abilities of parents to cooperate in decision-making). But the superior court found that the parties avoid communicating and "clearly need the help of co-parenting supports such as Co-Parenter." Supporting its findings, the court cited multiple instances of the parties' poor communication, including Mother placing a GPS device on Father's car, Father failing to notify Mother of their daughter receiving stitches, and Mother not sharing school schedules with Father. The superior court did not abuse its discretion in finding the children's best interests support no modification of legal decision-making.

## II.    Parenting Time

¶12       Mother argues the superior court erred by modifying the parties' parenting time plan to grant Father an uninterrupted summer break, except for the seven days designated for church camp. The court highlighted the parties' "difficulty interpreting the [c]ourt's prior orders about scheduling regarding when they can schedule vacations and whether Father is intended to have more parenting time than Mother in the summer because he exercises long distance parenting time during the school year." During the hearing, the court mentioned that it used summer parenting time to compensate Father for not being the primary parent during the school year. Then the court adjusted the parties' parenting plan to avoid Mother receiving up to four weeks of parenting time during summer break. We find no reason to disrupt the superior court's finding that the new summer parenting time is in the children's best interests.

¶13 Mother also seems to argue that the superior court's modification to summer parenting time amounts to a restriction, which can only be implemented if the child's physical, mental, moral, or emotional health are endangered. *See* A.R.S. § 25-411(J). Limiting Mother's options for taking summer vacations with the children to her allocated parenting time does not amount to a restriction under § 25-411(J). Mother did not disagree with how the court characterized the parties' parenting situation, repeatedly describing it as "long-distance." The court's parenting time modification is consistent with other long-distance parenting plans. And the court found that the modifications to summer parenting time are in the children's best interests, as required by § 25-411(J). We find no abuse of discretion.

## III. Attorneys' Fees and Costs on Appeal

¶14 Mother requests attorneys' fees and costs incurred in this appeal under A.R.S. § 25-324(A). We have considered the financial resources of both parties and the reasonableness of Mother's arguments on appeal. We decline to award attorneys' fees and costs.

## CONCLUSION

¶15 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

5