NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LINDA M. FREDERICK, *Petitioner/Appellee,*

*v.*

VICTOR M. BARREIRA, *Respondent/Appellant.*

No. 1 CA-CV 21-0511 FC
FILED 5-26-2022

Appeal from the Superior Court in Maricopa County
No. FC2015-053529
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Victor M. Barreira, Phoenix
*Respondent/Appellant*

Rubin & Ansel PLLC, Scottsdale
By Yvette D. Ansel
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1         Victor M. Barreira ("Father") appeals the superior court's orders allocating parenting time and child support and allowing Linda M. Frederick ("Mother") to relocate their minor child (the "Child") to South Carolina. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         Father and Mother married in 2008 and share one minor Child born in 2009. Mother petitioned for dissolution of marriage in 2015. The court appointed a mental health provider to conduct a comprehensive custody evaluation. Father petitioned to strike the evaluation for bias and requested an alternative evaluator, which the court denied. The court entered a decree in April 2017 awarding Mother sole legal decision-making authority and awarding Father custody on alternating weekends and Wednesday evenings. The court found Father's mental health "problematic" and advised Father to seek counseling to address the issues revealed in the custody evaluation report.

¶3         Mother petitioned for modification of parenting time in June 2017, and the court appointed an advisor to investigate the case and make recommendations. The advisor expressed concern in her report that Father was sabotaging the child's therapy. Father petitioned to remove the advisor and strike her report, which the court denied. Following an evidentiary hearing, the court found that Father's behavior had deteriorated since the time of dissolution, Father did not properly interact with professionals involved in the Child's care, and Father frustrated the Child's counseling processes. The court again encouraged Father to seek a mental health evaluation and counseling and reduced his custody to alternating weekends.

¶4         In May 2018, the presiding judge of the superior court declared Father a vexatious litigant in connection with civil actions he had filed against Mother and her attorney. Mother again petitioned for

modification and requested that Father undergo a mental health evaluation, which the court granted. The court further reduced Father's parenting time in August 2018 and found Father in contempt for failure to pay child support. Following Father's psychological evaluation and an evidentiary hearing in July 2019, the court found Father's behavior had become "significantly more severe and pervasive." The court ordered Father's parenting time be supervised and for Father to begin therapy with an approved mental health provider. Father was again found in contempt for failure to pay child support.

¶5          In July 2020, Mother made an offer on a home in South Carolina, and notified her landlord she intended to relocate there. Mother did not inform Father of her intent to relocate until September 1, 2020. Two days later, Father filed an emergency petition to prevent relocation and Mother filed an expedited petition for relocation.

¶6          Following an evidentiary hearing, the court found Father had not exercised supervised visitation rights in over a year and that the Child was estranged from Father. After considering the required statutory factors, the court found Mother had met her burden of showing that relocation was in the Child's best interests. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 25-408(I) and -403. The court found the parties had agreed that Father's parenting time should be addressed in the context of a therapeutic intervention and ordered Father to participate in a therapeutic intervention and counseling. In doing so, the court granted Father's motion to appoint Dr. David J. Jecman as the interventionist. The court also found Mother had disclosed an income far below her actual income and adjusted Father's child support obligation accordingly. Father timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

¶7          Father has not provided legal authority or record citations for his arguments on appeal, which could constitute abandonment or waiver of these arguments. *See* ARCAP 13(a)(7); *Ramos v. Nichols*, 505 P.3d 312, 316, ¶ 11 (App. 2022); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (holding an appellant is responsible for ensuring there is a complete trial court record, including transcripts, on appeal). But given that the best interests of a minor child are implicated, we exercise our discretion to resolve this appeal on its merits. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342–43 (App. 1984).

¶8            We review the court's orders modifying parenting time and child support, and the court's granting of a relocation request, for an abuse of discretion. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶¶ 16–17 (App. 2015); *Strait v. Strait*, 223 Ariz. 500, 502, ¶ 6 (App. 2010); *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶¶ 18–19 (App. 2009). The court abuses its discretion when it commits an error of law or when the record is "devoid of competent evidence" to support the court's decision. *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 5 (App. 2019) (internal citations omitted).

¶9            Father has not shown the court abused its discretion. To begin, Father failed to timely file a transcript of the evidentiary hearing that formed the basis for the court's decision. Father filed an emergency motion to submit this transcript more than four months after Mother filed her answering brief, which identified the omission. Father's motion is not well-taken.

¶10          First, Father chiefly references the evidentiary hearing to attack Mother's credibility. But we do not reweigh evidence on appeal or determine the credibility of witnesses. *Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017). Accepting the transcript to assist in that purpose would be futile. Transcript or no, we must decline Father's invitations to second-guess whether Mother was a credible witness. *See id.*

¶11          Second, Father's request comes too late and prejudices Mother's position. Specifically, the request comes after briefing has been completed. Mother, therefore, did not have opportunity to address the transcript.

¶12          Third, and most importantly, Father's motion risks a substantial delay in resolution of this appeal without any demonstration of good cause, thereby threatening to unduly extend uncertainty for the Child's relocation. *See* ARCAP 5(b).

¶13          In the best interests of the Child, to avoid further delay, and to resolve with finality the matter of his relocation, we deny Father's motion to file the transcript of the evidentiary hearing. Thus, the law instead requires us to assume the transcript supports the court's findings and conclusions. *Baker*, 183 Ariz. at 73.

¶14          Father argues that relocation was not in the Child's best interests. However, the record properly before us demonstrates the superior court carefully considered and made all the findings necessary to support its determination that relocation was in the Child's best interests. And as explained above, we must also assume that those parts of the

record that were not timely submitted for review support the court's findings and conclusions. *Baker*, 183 Ariz. at 73.

¶15 Finally, Father argues he should not be responsible to pay 75% of therapeutic intervention and counseling costs as part of the modified parenting time plan. The parties agreed a therapeutic intervention was the best means to facilitate Father's reunification with the Child, and the court granted Father's motion to appoint the doctor of his choosing. In that motion, Father argued that "[a]fter [a] significant effort," Father had selected this psychologist because he was affordable and qualified. Father now argues that he cannot afford to pay for these services. On this record, Father has not shown the court abused its discretion in allocating him 75% of therapeutic intervention and counseling costs.

## CONCLUSION

¶16 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA