NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KIERA N. ECKERT, *Petitioner/Appellant*,

*v.*

CHARLES W. ECKERT, *Respondent/Appellee*.

No. 1 CA-CV 25-0366 FC

FILED 04-06-2026

Appeal from the Superior Court in Maricopa County
No.  FC2022-092556
The Honorable Steven McCarthy, Judge

**AFFIRMED**

COUNSEL

Adam C. Rieth P.L.L.C, Mesa
By Adam C. Rieth
*Counsel for Petitioner/Appellant*

Barreda Law PLLC, Gilbert
By Joshua A. Barreda, Erin Walters
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**B E C K E**, Judge:

¶1 Kiera N. Eckert ("Mother") appeals the superior court's order denying her post-decree petition to modify legal decision-making authority and parenting time and her request for attorneys' fees. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Mother and Charles W. Eckert ("Father") were married in 2010 and have one child together, born in 2013. Mother petitioned for dissolution in 2022, and the parties resolved all issues in a July 2023 consent decree. The parties share joint legal decision-making authority and a 5-2-2-5 parenting time schedule. Mother remarried in March 2024, and her husband lives in Idaho. Mother splits her time between Arizona and Idaho, exercising parenting time in Arizona.

¶3 In late February 2024, Mother's attorney emailed a letter to Father's attorney stating that Mother wanted to relocate to Idaho with the child on June 1, 2024. This letter set forth a proposed long distance parenting plan. Father's attorney emailed a response the same day opposing any relocation, stating that Father was unaware of Mother's plan to move on June 1, 2024, and noting that Mother had not provided the notice required by A.R.S. § 25-408.

¶4 On July 31, 2024, the parties attended a mediation on an unrelated dispute. During the mediation, Mother again said she wanted to relocate to Idaho.

¶5 Two weeks before the mediation, on July 13, 2024, Mother mailed a certified letter notifying Father of her intent to relocate as required by A.R.S. § 25-408. Father did not receive the certified letter or a notice to pick up the letter. The post office returned the unclaimed letter to Mother.

¶6          In September 2024, Mother petitioned to modify legal decision-making authority, parenting time, and child support. Mother stated that, because Father failed to accept the certified letter or petition to prevent relocation, she intended to relocate and proposed a long-distance parenting plan. Mother also requested final authority on education issues "[t]o facilitate the relocation[.]"

¶7          Less than two weeks later, Father petitioned to prevent relocation. He alleged Mother failed to provide the notice required by A.R.S. § 25-408. He argued that relocation to Idaho was not in the child's best interests. Father also responded to Mother's modification petition and filed a counter-petition to modify the parenting plan based on the child residing in Arizona with Father and giving him final authority.

¶8          After an evidentiary hearing, the superior court denied Mother's relocation request, ordered the parties to continue the equal parenting time schedule, and declined to give either party final say authority. The court further ordered that, if Mother moved to Idaho, Father would be the primary residential parent and set forth a long-distance parenting plan. The court denied both parties' requests for attorneys' fees.

¶9          Mother timely appealed. She later moved for additional findings and to alter or amend the order. This court stayed the appeal and revested jurisdiction in the superior court so it could rule on Mother's motion. The superior court denied the motion without comment. Mother then amended her notice of appeal to include the denial. We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶10          We review legal decision-making authority, parenting time, and relocation orders for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 176, ¶ 5 (App. 2016). We construe statutes *de novo*. *Id.*

## I.          Father's Petition to Prevent Relocation was Timely.

¶11          Under A.R.S. § 25-408(A), a parent sharing joint legal decision-making authority or parenting time must give the other parent 45 days' written notice if they want to move out of state or more than 100 miles within Arizona. That notice must be sent "by certified mail, return receipt requested, or pursuant to the Arizona rules of family law procedure." A.R.S. § 25-408(B). The other parent may file a petition to prevent relocation within 30 days after the notice "is made." A.R.S. § 25-408(C). "After

expiration of this time[,] any petition . . . to prevent relocation of the child may be granted only on a showing of good cause." *Id.*

¶12        The evidence showed that Mother sent a notice to Father by certified mail, return receipt requested. But the superior court found Father did not receive the notice. As a result, the court concluded that the 30-day response time was not triggered, and Father's petition to prevent relocation was not untimely. The court further found that, even if Father had notice, there was "good cause to prevent relocation[.]" Specifically, the court found the good cause was Mother's failure to comply with the terms of the decree, which required her to request mediation before petitioning to modify legal decision-making and parenting time.

¶13        Mother challenges the finding that Father was credible when he denied receiving the notice or the certified letter. She offers several examples that she claims show Father's lack of credibility. However, "the [superior] court is in the best position to judge the credibility of witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the [superior] court." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015). We do so here.

¶14        Mother argues that once she sent the notice, the 30-day response time began. But the court did not find that Father rejected or ignored the notice, as Mother suggests. Rather, the court concluded that Father never received the notice, so he was unaware the 30-day period to file had begun. Moreover, after Father learned that Mother filed a petition to modify asserting her right to relocate, he quickly responded with his own counter-petition to modify and petition to prevent relocation. Although this is not the basis for the superior court's good cause finding, we will affirm the superior court's ruling if it was legally correct for any reason. *In re Marriage of Friedman*, 244 Ariz. 111, 117, ¶ 23 (2018).

¶15        We reject Mother's argument that Father's knowledge that she wanted to relocate triggered his 30-day response time. The 30-day provision in A.R.S. § 25-408(C) applies to the specific written notice described in § 25-408(A), made by certified mail, return receipt requested, or by court rule, not uncertified letters between counsel, emails, or in-person conversations between the parties. Although Father *could* have petitioned to prevent relocation at any point after Mother told him she wanted to relocate, he was not *required* to do so until Mother sent the statutory notice. *See* A.R.S. § 25-408(C).

¶16　　　　We also reject Mother's suggestion that she was entitled to relocate by "default" because Father failed to file a petition within 30 days after she sent the notice. *See Day v. Wallaert*, 1 CA-CV 20-0062 FC/1 CA-CV 21-0020 (consol.), 2021 WL 8016848, *2, ¶ 13 (Ariz. App. Dec. 16, 2021) (mem. decision) (citing *Jurgens v. Jurgens*, 1 CA-CV 17-0492, 2018 WL 2676255, at *3, ¶ 16 (Ariz. App. June 5, 2018) (mem. decision)). The court must consider the child's best interests when addressing a petition to modify parenting time. *See* A.R.S. § 25-403(A). Mother's petition asked the court to change the child's primary residence. "Any change in residence outside Arizona is necessarily a relocation." *Woyton v. Ward*, 247 Ariz. 529, 533, ¶ 11 (App. 2019). Thus, the court had to consider the factors set forth in both A.R.S. §§ 25-403(A) and 25-408(I) when ruling on Mother's petition to modify.

¶17　　　　We affirm the finding that there was good cause to consider Father's petition to prevent relocation.

## II.　The Record Supports the Finding that Relocation is Not in the Child's Best Interests.

¶18　　　　Mother challenges several of the findings on the best interests factors in A.R.S. §§ 25-403(A) and -408(I). We view the evidence in the light most favorable to sustaining the superior court's findings and defer to the court's findings of fact unless they are clearly erroneous. *Vincent*, 238 Ariz. at 155, ¶ 17. On appeal, "[w]e will not substitute our judgment by reweighing the evidence underlying the court's best-interests' analysis." *Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 27 (App. 2020).

¶19　　　　Under A.R.S. § 25-403(A)(2), the court considers the child's interaction and interrelationship with any person who may significantly affect the child's best interest. Mother argues the court ignored evidence of the child's relationship with her husband's family in Idaho and gave greater weight to the child's relationship with Father's relatives and stepfamily. The superior court found the child has a good relationship with Mother's husband, as well as with Mother's Arizona family. To be sure, Mother testified that the child also has a good relationship with his Idaho stepfamily but did not otherwise elaborate. The lack of findings about the child's relationship with his stepfamily in Idaho does not mean the court failed to consider that evidence. Instead, we assume the court did not find such evidence compelling and weighed it accordingly. Mother contends that the court should have weighed the child's relationship with her husband's family differently, but we do not reweigh the evidence. *See Backstrand*, 250 Ariz. at 346, ¶ 27.

¶20 Mother argues that the court ignored the fact that the child is well-adjusted at home, at school, and in the community, because of Mother's involvement, rather than because of Father's more relaxed approach. *See* A.R.S. § 25-403(A)(3). But Father testified that he would increase his involvement if needed, and the court's findings on the "adjustment" factor are supported by the record. Again, we do not reweigh conflicting evidence on appeal. *See Backstrand*, 250 Ariz. at 346, ¶ 27.

¶21 In considering which parent is more likely to allow the child frequent, meaningful, and continuing contact with the other parent, the superior court found this factor weighed in Father's favor. *See* A.R.S. § 25-403(A)(6). For example, Father has not opposed the child's travel schedule even when it limited his parenting time. The court also noted that Mother recording the child's phone calls with Father had a chilling effect on the child's communications and that she unnecessarily involved the police at an exchange. *See* A.R.S. §§ 25-403(A)(6), -408(I)(4) (likelihood of residential parent complying with parenting time orders).

¶22 The evidence supports the court's findings about these events. Mother argues these events are irrelevant in determining whether she will allow frequent, meaningful, and continuing contact with Father. However, the court viewed Mother's conduct as impacting the child's contact with Father, as Father testified. Again, we do not reweigh the evidence or witness credibility. *See Backstrand*, 250 Ariz. at 346, ¶ 27.

¶23 Similarly, Mother asks this court to reweigh evidence about the prospective advantage of the relocation for improving the child's life and the fact that Mother's proposed long distance parenting plan would allow Father a realistic opportunity for parenting time. *See* A.R.S. § 25-408(I)(3), (5). We decline to do so. *Backstrand*, 250 Ariz. at 346, ¶ 27. The record supports the court's factual findings on these factors.

¶24 Because the record supports the court's findings, we affirm the legal decision-making and parenting time orders. Mother's challenge to the final authority order was conditioned on the child relocating, so we do not address that argument.

### III. The Record Supports the Denial of Mother's Request for Attorneys' Fees in Superior Court.

¶25 Under A.R.S. § 25-324(A), the court may award attorneys' fees after considering the parties' financial resources and "the reasonableness of the positions each party has taken throughout the litigation." The superior court declined to award fees to either party, finding no financial disparity

or unreasonable positions. Mother contends there was a significant financial disparity. We review a ruling on attorneys' fees under § 25-324 for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

**¶26** The superior court attributed a monthly income of $3,750 to Mother and $9,468.67 to Father. Although this is a significant disparity in earnings, Mother testified that her husband has a good job and financially supports her. Her financial affidavit confirms this. Despite being unemployed, Mother often travels between Arizona and Idaho and lists no debts on her financial affidavit. This suggests that Mother has other financial resources. Thus, the record supports the finding that there is no financial disparity. *See Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998) ("[W]e may infer additional findings of fact . . . sufficient to sustain the [superior] court's order as long as those findings are reasonably supported by the evidence, and not in conflict with any express findings.").

## ATTORNEYS' FEES ON APPEAL

**¶27** Both parties request an award of attorneys' fees and costs on appeal under A.R.S. § 25-324. In the exercise of our discretion, we decline to award fees. However, Father is entitled to his taxable costs upon compliance with ARCAP 21. *See* A.R.S. § 12-342.

## CONCLUSION

**¶28** We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:　　　JR