723 P.2d 109

Rebecca Ann LOPEZ, Petitioner/Appellant,

v.

Henry Garcia BARRAZA, Respondent/Appellee.

No. 2 CA–CIV 5813.

Court of Appeals of Arizona, Division 2, Department A.

July 16, 1986.

13. *Any other factors which the court may deem appropriate to the ends of justice.* (Emphasis added.)

* The Honorable James Moeller, Maricopa County Superior Court Judge, was authorized to partic-

ipate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 3.

**292**

Karasek, Haddy & Rayes by David J. Karasek, Phoenix, for petitioner/appellant.

## OPINION

HOWARD, Presiding Judge.

■ This is an appeal from an order denying relief under Rule 60(c), Rules of Civil Procedure, 16 A.R.S. The appellee-father has failed to file an answering brief. Where an appellant raises debatable issues, the failure to file an answering brief generally constitutes a confession of reversible error. *Geiler v. Arizona Bank*, 24 Ariz. App. 266, 537 P.2d 994 (1975); 1 Arizona Appellate Handbook, § 3.5.3 at 3–32 (1983). We find there is no debatable issue and affirm.

The action below was a paternity action under A.R.S. §§ 12–841, et seq. This is an appeal from a stipulation, judgment and order entered on October 30, 1984, wherein the court adjudged that appellee was the father of appellant's minor child. The stipulation, judgment and order came about as a result of action taken by the Maricopa County Attorney's Family Support Division. Both parties had met in the case worker's office a few days prior to the court's entering the order and, at that time, a form complaint in paternity was prepared, together with a summons, acceptance of service and a form of judgment to be approved by the court. The only matters discussed were the issues of paternity and future child support payments.

In the judgment, the father agreed to pay child support in the sum of $150 per month, commencing November 30, 1984. The judgment itself contains no provision regarding child support payments prior to that date, nor does it contain any language referring to prenatal and post-natal medical expenses of appellant and the minor child.

On June 5, 1985, the appellant filed a petition for an order to show cause in Maricopa County Superior Court seeking past child support and prenatal and post-natal medical expenses for herself and the child. The trial court treated the petition as a motion for relief under Rule 60(c) and denied appellant any relief.

■ A.R.S. § 12–849 states:

"A. If defendant admits his or her parentage, or if the issue is decided in the affirmative the court, in its judgment, shall direct the amount which the defendant shall pay for the past care and support of the child, the manner in which payment shall be made and for costs of litigation.

B. The court, in its judgment, may also direct the amount which the father shall pay for the expenses for the lying-in, support of and attendance upon the mother during her confinement."

Appellant contends that the judgment entered by the trial court was void, and that she is therefore entitled to relief under Rule 60(c)(4) because the judgment contained no provision for past care and support of the child and for the pre-natal and post-natal medical expenses of herself and the child. We do not agree.

Section 12–849(A) and (B) are directory in nature only. A judgment which omits any payments provided for under the statute is not void for lack of jurisdiction. The statute merely gives the trial court the power to order such awards and does not make them mandatory. Suppose, for example, the mother does not want any payments for past care and support of the child. Is the judgment then void for failure to include such a provision? We think not.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.