NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

CARMEN LOPEZ DE GALVAN,
*Petitioner/Appellee*,

*v.*

MARTIN GALVAN DUARTE,
*Respondent/Appellant*.

No. 1 CA-CV 19-0471 FC

FILED 4-16-2020

Appeal from the Superior Court in Maricopa County
No. FC2018-003163
The Honorable Bradley H. Astrowsky, Judge

**AFFRIMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Michael L. Gertell LLC, Phoenix
By Michael L. Gertell
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1        Martin Galvan Duarte ("Husband") appeals from the superior court's decree of dissolution of his marriage to Carmen Lopez De Galvan ("Wife").  He challenges the court's division of property and the child support award.  For the reasons that follow, we vacate the child support award and remand for proceedings consistent with this decision. We otherwise affirm the decree.

## BACKGROUND

¶2        Husband and Wife were married in June 1988.  Wife filed a petition for dissolution in August 2018.  The couple had one child who was still a minor.  After an evidentiary hearing, the superior court entered a decree of dissolution and, as relevant here, ordered Husband to pay Wife $553 per month for child support and $600 per month for three years for spousal maintenance.  The court awarded the couple's marital residence in Tolleson to Husband and their house in Sonora, Mexico, to Wife.  Husband timely appealed.

## DISCUSSION

¶3        Husband argues the superior court abused its discretion by awarding Husband only $18,000 for his community interest in the Sonora property and understating Wife's income when calculating his child support obligation.  Wife did not file an answering brief.[1]

---

[1]        We could treat Wife's failure to file an answering brief as a confession of reversible error; instead, we exercise our discretion to consider Husband's arguments on the merits. *See Lopez v. Barraza*, 150 Ariz. 291, 292 (App. 1986).

### A.     Value of Sonora Property

¶4          Husband argues that the superior court incorrectly valued the Sonora property and thus erred by awarding him $18,000 for his community interest in the property.

¶5          We review the superior court's division of property for an abuse of discretion. *Day v. Day*, 20 Ariz. App. 472, 473 (1973). "The determination of issues of credibility and the resolution of conflicting evidence . . . are . . . functions of the trial court." *Lee v. Lee*, 133 Ariz. 118, 123 (App. 1982). We view the evidence most favorably to upholding the superior court's judgment. *Id.*

¶6          Before trial, Husband and Wife agreed Wife would receive the Sonora property and pay Husband $18,000 for his community property interest. She did so. Husband then filed a pretrial statement asserting he obtained an appraisal indicating the property was worth more than the $36,000 Wife had told him it was worth. The appraisal report indicated the property was worth $1,475,000 pesos.[2]

¶7          Husband and Wife were the only witnesses at trial. The superior court heard testimony from Husband that based on the appraisal report, he believed the Sonora property was worth more than twice as much as he had thought when he agreed to accept $18,000 from Wife for his interest in the property. Wife testified she had believed her half of the property was worth $15,000 "without an appraisal or anything," and she initially planned to "sell" her interest in the property to Husband for $15,000 but later decided she wanted to keep the property. According to Wife, Husband told her he wanted $20,000 for his interest in the property but they settled on $18,000 and finalized the "documents" and "paperwork" at a bank. Addressing Husband's appraisal, Wife testified that "in Mexico, you can buy a lot of things. You can buy an appraiser to have them say that a property is worth more."

¶8          The superior court awarded the Sonora property to Wife, finding that Husband's community interest in the property was $18,000. The court explained that Wife "already paid [Husband] $18,000 for his interest in [the Sonora] property per the agreement of the parties. No credible evidence was presented to demonstrate that this property is worth more than previously agreed upon by the parties." On appeal, Husband

---

2     In his opening brief Husband asserts that the property was worth $77,082.71 in U.S. dollars. He testified, however, that it was worth $82,000.

argues the court ignored the appraisal report and failed to recognize that Wife did not present any evidence of the value of the Sonora property or dispute the value set forth in the appraisal.

**¶9**   Wife testified she believed half of the property was worth $15,000 but she agreed to pay Husband $18,000 after he requested $20,000. Wife's testimony demonstrated that she did not agree with the appraisal. The superior court did not accept Husband's valuation as credible and was free to reject it. Accordingly, we affirm the court's order finding that Husband's interest in the Sonora property was $18,000.

### B.  Determination of Wife's Income

**¶10**   "We review child support awards for abuse of discretion," and "accept the court's factual findings unless clearly erroneous but review de novo the court's conclusions of law and interpretation of the Arizona Child Support Guidelines . . . ." *Sherman v. Sherman*, 241 Ariz. 110, 112–13, ¶ 9 (App. 2016).

**¶11**   Husband argues the superior court erred when it determined Wife's gross monthly income for awarding child support because the court did not include Wife's rental income or the $600 per month in spousal maintenance the court ordered Husband to pay Wife.[3]

**¶12**   Wife, who was age 52 at the time of the decree, testified she was capable of working and earning minimum wage. She also explained that she receives $200 per month in rental income from the Sonora house. According to Husband, the rental income was $250 per month, but neither party submitted supporting documentation.

**¶13**   For purposes of determining child support, gross income includes income from any source, including spousal maintenance and rental income. A.R.S. § 25-320 app. § (5)(A), (C). The superior court imputed to Wife $1906.67 in gross monthly income (minimum wage at 40 hours per week). The court subtracted $600 per month from Husband's

---

[3]  We reject Husband's conclusory assertion that had the superior court considered Wife's rental earnings "it could likely have changed the amount that Husband was ordered to pay for spousal maintenance." The court referenced the Sonora property in its spousal maintenance findings and heard evidence of the property's rental income. Husband has not identified anything in this record suggesting the court failed to consider that income as part of its spousal maintenance award. Thus, we will not presume the court ignored it.

income for spousal maintenance paid but did not add $600 to Wife's income for spousal maintenance received. Thus, the court erred by not including the spousal maintenance in Wife's income. Additionally, although the parties disagreed on the amount Wife received in rental income from the Sonora property ($200 vs. $250), it was undisputed that she received rental income. Nor does the record include any evidence of rental expenses. The court erred by not including Wife's rental income when calculating child support. On remand, the court must account for these discrepancies and re-calculate Husband's child support obligation.

## CONCLUSION

**¶14** We vacate the child support award and remand for further proceedings consistent with this decision. The remainder of the decree is affirmed. We deny Husband's request for an award of attorneys' fees because he cites only to ARCAP 21, which does not provide a substantive basis for a fee award. *See* ARCAP 21(a)(2) (an appellate court may decline to award fees when a party fails to state pertinent authority). Because both parties have partially prevailed on appeal, we decline to award costs to Husband. *See Valento v. Valento,* 225 Ariz. 477, 484, ¶ 25 (App. 2010).



AMY M. WOOD • Clerk of the Court
FILED: AA