IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JULES ANDRE GELIN, *Petitioner/Appellee,*

*v.*

SYNDE ATKINSON MURRAY, *Respondent/Appellant.*

No. 1 CA-CV 20-0487 FC
FILED 6-22-2021

Appeal from the Superior Court in Maricopa County
No. FC2019-002378
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

Bishop, Del Vecchio & Beeks Law Office, P.C., Phoenix
By Tawnia R. Wienke, Daniel P. Beeks
*Counsel for Petitioner/Appellee*

Gillespie, Shields, Goldfarb & Taylor, Mesa
By Robert Newell, Mark A. Shields
*Counsel for Respondent/Appellant*

---

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

¶1          In this paternity action, Synde Atkinson Murray ("Mother") appeals the superior court's order denying her request for three years of retroactive child support pursuant to Arizona Revised Statutes ("A.R.S.") section 25-809(A)-(B). Mother argues the court erred in denying her request because such an award was mandatory absent a valid showing of an equitable defense by Jules Andre Gelin ("Father"). In this opinion, we clarify that, under A.R.S. § 25-809(A)-(B), the superior court must award retroactive child support dating back to the petition filing date, but whether to award support for any period of time prior to the petition filing date lies within the court's discretion. Further, the statute does not require the court to make specific, written findings to support the exercise of that discretion unless the court orders support dating back more than three years. Accordingly, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          In February 2019, Father filed a petition to establish paternity, legal decision-making, parenting time, and child support for the parties' common child, born in August 2015.[1] Mother filed a response requesting the court award child support retroactive to the child's birthdate, but she later clarified she was seeking only three years of pre-petition retroactive support.

¶3          After an evidentiary hearing, the court issued temporary orders requiring Father to pay $1,176 per month in child support going forward, along with a judgment of $7,026 in past support dating back to the petition filing date. The court denied Mother's request for three years of retroactive child support, finding "Mother chose to deliberately keep Father out of the child's life . . . and therefore an award of child support dating back three years [was] not warranted in this matter."

---

[1]     Mother and Father were never married.

¶4            Mother moved to amend the temporary orders, arguing that, absent a valid showing of an equitable defense by Father, A.R.S. § 25-809 required the court to award retroactive child support for the three years before the petition filing date.  The court denied the motion, explaining that "[n]othing in the language of [A.R.S. § 25-809] requires the Court to award child support for the previous three years."

¶5            After a trial on Father's paternity petition, the court entered a final order "again reject[ing] Mother's interpretation of [A.R.S. § 25-809] and declin[ing] to award three years of back child support."  The court did, however, "affirm the award of retroactive child support dating back to the first day of the first month following service of the petition."

¶6            Mother filed a timely notice of appeal of the child support portion of the final judgment.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## ANALYSIS

    *I.        Standard of Review*

¶7            We review *de novo* issues of statutory construction and application.  *Wilmot v. Wilmot*, 203 Ariz. 565, 569, ¶ 10 (2002).  When interpreting a statute, our goal is to effectuate the drafter's intent, and we "look to the plain language of the statute . . . as the best indicator of that intent."  *Courtney v. Foster ex rel. Cnty. of Maricopa*, 235 Ariz. 613, 615, ¶ 6 (App. 2014).  If a provision of a statute is ambiguous, "all parts and provisions must be considered and construed together."  *Greyhound Parks of Ariz., Inc. v. Waitman*, 105 Ariz. 374, 376 (1970).

*II.     Interpretation and Application of A.R.S. § 25-809(A)-(B)*

¶8          On appeal, Mother argues that, unless an equitable defense is established, A.R.S. § 25-809(A) mandates an award of retroactive child support for three years before the petition filing date.[2]

¶9          The relevant portion of A.R.S. § 25-809(A)-(B) states:

> A. [After parentage is established,] the court shall direct, subject to applicable equitable defenses and using a retroactive application of the current child support guidelines, the amount, if any, the parties shall pay for the past support of the child and the manner in which payment shall be made.

> B.  The court shall enter an order for support determined to be due for the period between the commencement of the proceeding and the date that current child support is ordered to begin.  The court shall not order past support retroactive to more than three years before the commencement of the proceeding unless the court makes a written finding of good cause after considering all relevant circumstances[.]

¶10          Recent cases interpreting and applying A.R.S. § 25-809(A)-(B) are not completely consistent.  *Compare, e.g.*, *Petro v. Gianini*, 1 CA-CV 16-0313 FC, 2017 WL 1279002 (Ariz. App. Apr. 6, 2017) (mem. decision), *with Montano v. Guiliano*, 1 CA-CV 10-0438, 2011 WL 2306617 (Ariz. App. June 2, 2011) (mem. decision).

¶11          In *Petro*, an unpublished memorandum decision, a mother requested 33 months of pre-petition retroactive child support.  1 CA-CV 16-0313 FC, at *2, ¶ 7 n.3.  The superior court noted the mother had never sought support during those 33 months and denied the request.  On appeal, we reversed the superior court's ruling and held the father had not offered sufficient proof to support any equitable defenses to a retroactive award.

---

[2]     Mother's Opening Brief frames the issue as: "Did Father establish a recognized equitable defense to child support arrears under A.R.S. § 25-809(A)?"  Entitlement to "past support" and "retroactive support" should not be confused with child support "arrears," which refers to previously ordered, but unpaid, support.  *See* A.R.S. § 25-500(1) ("'Arrearage' means the total unpaid support owed, including child support, past support, spousal maintenance and interest.").

*Id.* at *3, ¶ 13. In a footnote, this court characterized A.R.S. § 25-809(A)-(B) as creating a "presumptive three years of past support," *Id.* at *2, ¶ 7 n.3, but that conclusion is not supported by the language of the statute, which we discuss *infra* ¶¶ 14-17. Aside from the mandate that, absent proof of equitable defenses, the court shall award past support for the period running from the petition filing date to entry of the child support order, there is no mention of any "presumption" in either subsection (A) or (B) and certainly no reasoning provided to support the *Petro* court's conclusion in that regard. *See* A.R.S. § 25-809(A)-(B).

¶12 Several years before *Petro*, this court considered a similar retroactive child-support issue in *Montano*, 1 CA-CV 10-0438, at *6-*7, ¶¶ 27-30.[3] In *Montano*, the superior court concluded A.R.S. § 25-809(B) required the court to award retroactive support for the period between the petition filing date and the start of the child support order and entered a judgment accordingly. *Montano*, 1 CA-CV 10-0438, at *6, ¶¶ 27-28 n.10. The superior court did not award additional retroactive support the mother had requested. On appeal, we affirmed, stating, "The plain language of [A.R.S. § 25-809(B)] requires the court to order back support to the date the petition is filed, but leaves to the court's discretion whether to award support for earlier periods. The statute requires written findings only when the court decides to go back further than three years." *Id.* at ¶ 27.

¶13 Other memorandum decisions applying A.R.S. § 25-809(A)-(B) have similarly acknowledged that the superior court has discretion to award child support retroactive to three years before the petition filing date, or longer. *See, e.g., State ex rel. Ariz. Dep't of Econ. Sec. v. Jarose*, 1 CA-CV 08-0670, 2009 WL 4279879, at *5, ¶ 25 (Ariz. App. Dec. 1, 2009) (mem. decision) ("Under A.R.S § 25-809(B)(2007), . . . the court *may* order past child support retroactive to three years before a paternity proceeding is commenced." (emphasis added)); *State ex rel. Dep't of Econ. Sec. v. Larue*, 2 CA-CV 2008-0195, 2009 WL 2490769, at *2, ¶ 5 (Ariz. App. Aug. 14, 2009) (mem. decision) (explaining A.R.S. § 25-809(B) requires "that, if support is owed, it *must be assessed at least from* the commencement of proceedings" (emphasis added)).

¶14 We write today to clarify the extent of the superior court's discretion regarding retroactive child support pursuant to A.R.S. § 25-

---

[3] We cite *Montano* and other pre-January 1, 2015 memorandum decisions to highlight the different approaches we have taken on this issue in the recent past. *See* Ariz. R. Sup. Ct. 111(c)(1)(B) (explaining memorandum decisions may be cited "to assist the appellate court in deciding whether to issue a published opinion").

809(A)-(B). We hold that subsection (A) of § 25-809 grants the superior court general authority in paternity actions to award past child support. Subsection (B) clarifies the constraints of that authority and requires that, subject only to applicable equitable defenses, the court *shall* enter an order for support due from the petition filing date to the date current support is ordered to begin. A.R.S. § 25-809(A)-(B).

¶15 Further, and as relevant to the facts of this case, A.R.S. § 25-809(A)-(B) grants the court *discretion* to order retroactive child support for up to three years before the petition filing date. In that instance, the court is not required to make specific, written findings in support of its decision; however, we note an explanation of the court's reasoning would afford a better record for appellate review.

¶16 Per the explicit language in subsection (B), the court also has discretion to order past support dating back more than three years before the petition filing date, *as long as* it provides a written good cause finding after considering "all relevant circumstances," including the express factors in A.R.S. § 25-809(B)(1)-(3).

¶17 Finally, as mandated in subsection (A), if the court orders a retroactive award, it shall identify the amount the parties must pay and direct the manner of payment.[4] A.R.S. § 25-809(A). As required in

---

[4] Mother argues the phrase "the court shall direct . . ." in A.R.S. § 25-809(A) is what makes mandatory three years of retroactive child support. We disagree. As noted, the language of subsection (A) requires that "the court shall direct . . . *the amount, if any*, the parties shall pay for past child support." A.R.S. § 25-809(A) (emphasis added). In other words, subsection (A) requires that if past support is ordered, the court must clearly state the amount of support ordered. The language does not make mandatory three years of past support.

Our reading is consistent with a companion statute regarding child support in a dissolution of marriage proceeding, which statute includes the same "shall" language related to the amount of support, but clearly makes three years of past support discretionary. *See* A.R.S. § 25-320(C) ("[T]he court may order child support retroactively to the date of separation, but not more than three years before the date of the filing[.] . . . If the court determines that child support is appropriate, the court *shall direct . . . the amount* that the parents must pay for the past support of the child." (emphasis added)).

subsection (A), any retroactive support payment must be calculated using a retroactive application of the current child support guidelines and is subject to applicable equitable defenses. *Id.*

¶18 Here, the superior court properly applied A.R.S. § 25-809(A)-(B) and awarded a judgment for retroactive support covering the period between the petition filing date and the start of the current support orders. In its discretion, the court declined to award additional pre-petition retroactive support, finding that "an award of child support dating back three years [was] not warranted" because "Mother chose to deliberately keep Father out of the child's life," although the court acknowledged "Father likewise could have done more to insist on being in the child's life." In addition, the record demonstrated Mother moved multiple times without informing Father of her new addresses. Moreover, although Mother acknowleged while she was pregnant that Father was the child's father, another man is listed as the father on the child's birth certificate. Even though these facts may not necessarily establish any equitable defense, they do support the exercise of the court's discretion in declining to award additional retroactive support. On this record, the superior court did not abuse its discretion in declining to award the requested three years of pre-petition retroactive child support.[5]

     III.    *Case Law Interpreting and Applying Prior Versions of A.R.S. § 25-809(A) Is Neither Relevant Nor Persuasive*

¶19 In a notice of supplemental authority and at oral argument, Mother contends we should follow *Arizona Department of Economic Security v. Valentine*, 190 Ariz. 107, 111 (App. 1997), which held that pursuant to A.R.S. § 25-809(A), "any award of past support reaching back until the child's birth is mandatory[] and should be calculated pursuant to the Arizona Child Support Guidelines." We disagree.

¶20 When *Valentine* was decided, the relevant portion of A.R.S. § 25-809(A) read, "[After parentage is established,] the court shall direct, using a retroactive application of the child support guidelines, the amount which the defendant shall pay for the past support of the child, the manner

---

[5] Because we conclude the superior court had discretion to decline to award the three years of pre-petition retroactive support Mother requested, we need not address the parties' arguments related to the application of equitable defenses when no such defenses were argued in the superior court.

in which payment shall be made and for costs of litigation." *See* 1994 Ariz. Sess. Laws, ch. 374, § 3 (2d Reg. Sess.) (amending relevant portion of the statute); 1996 Ariz. Sess. Laws, ch. 192, § 14 (2d Reg. Sess.) (renumbering A.R.S. § 12-849 as A.R.S. § 25-809).

**¶21**       Importantly, what is now A.R.S. § 25-809(B)—which subsection delineates the constraints of the court's authority to order retroactive support and is at issue in the case before us—was not added by the Legislature until 1997 and did not become effective until after the court's decision in *Valentine*. *See* 1997 Ariz. Sess. Laws, ch. 250, § 2 (1st Reg. Sess.); *see also* Ariz. Const. art. 4, § 1(3) ("[N]o act passed by the legislature shall be operative for ninety days after the close of the session of the legislature enacting such measure."). At that same time, the Legislature also added the phrase "if any" to subsection (A), clarifying that the court shall direct "the amount, *if any*, the defendant shall pay for the past support of the child." *See* 1997 Ariz. Sess. Laws, ch. 250, § 2 (1st Reg. Sess.) (emphasis added). In light of these significant changes, the holding in *Valentine* is not persuasive nor controlling in interpreting the current language of A.R.S. § 25-809(A)-(B).[6]

#### IV.    *Attorneys' Fees on Appeal*

**¶22**       Both parties request their attorneys' fees on appeal pursuant to A.R.S. § 25-324. We note that Mother did not request oral argument in this matter, but she nevertheless had to incur additional legal expense because we granted Father's request for oral argument. After considering the relative financial resources of the parties and the reasonableness of their positions on appeal, we award Mother a portion of her reasonable attorneys' fees incurred on appeal, upon compliance with Arizona Rule of Civil Appellate Procedure 21(b). We award Father his taxable costs on appeal pursuant to A.R.S. § 12-341.

---

[6]       We also note that the holding in *Valentine* was in conflict with other existing precedent on this issue. *See Lopez v. Barraza*, 150 Ariz. 291, 292 (App. 1986) (holding subsection (A) of then-numbered A.R.S. § 25-849 "merely gives the trial court the power to order such [retroactive] awards and does not make them mandatory").

## CONCLUSION

¶23        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA