NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

NICOLE RUSS, *Petitioner/Appellant*,

*v.*

JEREMY TOGNETTI, *Respondent/Appellee*.

No. 1 CA-CV 21-0563 FC
FILED 7-26-2022

Appeal from the Superior Court in Maricopa County
No. FC2021-070140
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Nicole Russ, Peoria
*Petitioner/Appellant*

Jeremy Tognetti, Surprise
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Chief Judge Kent E. Cattani and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

¶1        Nicole Russ ("Mother") appeals from the superior court's order declaring Jeremy Tognetti ("Father") the legal father of the child, Riley,[1] and ordering joint legal decision-making, equal parenting time, and child support. Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        On June 9, 2014, Mother and Father signed a voluntary acknowledgment of paternity at Riley's birth. The parties were never married, but they resided with Riley until their separation in August 2020. The parties struggled to amicably co-parent Riley. In February 2021, Mother petitioned the superior court to decide paternity, legal decision-making, parenting time, and child support.

¶3        The court held a resolution management conference, during which Mother asked the court to order Father and Riley to take a genetic paternity test. The court granted the request, and the examination revealed that Father is not Riley's biological father.[2] As a result, Mother proposed that the court award her sole legal decision-making and name her the primary residential parent. Father argued that because he has served in a parental role for seven years, it is in Riley's best interest that he remain in Riley's life. For that reason, he asked the court to order joint legal decision-making and equal parenting time. Father also conceded that child support should be awarded and stated his income was around $4580 per month.

---

[1]        To protect the child's identity, we refer to him by a pseudonym.

[2]        We note that no third party has moved to intervene or appeared claiming to be the biological father.

**¶4**        After an evidentiary hearing, the court issued a judgment for paternity, legal decision-making, parenting time, and child support. The court explained that a voluntary paternity acknowledgment is given the same force and effect as a judgment. Either party may rescind that judgment for any reason up to 60 days after the last signature is affixed to a filed acknowledgment. After 60 days, a party may only rescind the judgment within six months based on fraud, duress, or mistake of material fact. Thus, the court determined that Mother was time-barred from challenging the acknowledgment of Father's paternity and declared that Father is Riley's legal parent. *See* A.R.S. § 25-401(4).

**¶5**        The court then analyzed the best-interests factors under A.R.S. §§ 25-403 and -403.01, noting that Riley "has a good relationship with both Mother and Father." The court cited Mother's testimony that Riley "loves" Father, and Father has been "very involved" in Riley's life. Ultimately, the court found that it was in Riley's best interest for Mother and Father to share joint legal decision-making authority and equal parenting time. Based on Father's stated monthly income of $4580, the court ordered him to pay $95 per month for child support per the child support guidelines.

**¶6**        Mother appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶7**        Mother argues that the court erred by (1) concluding that Mother was time-barred from challenging paternity, (2) ordering joint legal decision-making and equal parenting time, (3) failing to order child support retroactively, and (4) incorrectly determining Father's income when calculating child support.

**¶8**        We will accept the court's factual findings as true unless they are clearly erroneous, but we review its conclusions of law *de novo*. *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590–91, ¶ 8 (App. 2018). We review child support, legal decision-making, and parenting time orders for an abuse of discretion. *Id.* (child support); *Oleson v. Daniel*, 251 Ariz. 25, 29, ¶ 14 (App. 2021) (legal decision-making); *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019) (parenting time). "We hold unrepresented litigants in Arizona to the same standards as attorneys." *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017).

**¶9**        The superior court correctly concluded that Mother is time-barred from challenging paternity because she commenced this action long after the six-month time limit imposed by Rule 85(c)(1). When a child

is born out of wedlock, the parents may establish paternity by a signed acknowledgment. A.R.S. § 25-812(A)(1). An acknowledgment of paternity has the same force and effect as a court judgment. A.R.S § 25-812(D). Either parent may rescind that judgment for any reason within 60 days of filing the acknowledgment. A.R.S. § 25-812(H)(1). After 60 days, however, the parents may only challenge the acknowledgment of paternity based on fraud, duress, or mistake of material fact. A.R.S. § 25-812(E); *see also Roger S. v. James S.*, 251 Ariz. 555, 568, ¶¶ 16–17 (App. 2021). But challenges to judgments based on fraud, misrepresentation, or other party misconduct can only be made up to six months after the judgment. Ariz. R. Fam. P. 85(b)(3), (c)(1); *see Andrew R. v. ADES*, 223 Ariz. 453, 457–58, ¶¶ 17–19 (App. 2010) (time limits imposed by court rules are incorporated into A.R.S. § 25-812(E)). Mother seeks to challenge the judgment of Father's paternity more than six years too late.

¶10        Mother also argues that the court abused its discretion when determining legal decision-making and parenting time because "there was overwhelming evidence" that Mother and Father cannot co-parent, Father did not maintain frequent contact with Riley, and Mother was always the primary caretaker. But the court considered Mother's testimony that Riley "loves" Father and that Father has been "very involved" in Riley's life and concluded it is in Riley's best interest that Father remain in Riley's life. The court did not abuse its discretion by ordering joint legal decision-making and equal parenting time.

¶11        Finally, Mother challenges the court's child support order. She first argues the court "should have ordered arrears" for August 2020 to August 2021 when Mother and Father were separated while Mother took primary care of Riley. But there was no prior child support order from which Father could owe arrearages. Moreover, even if we interpret Mother's argument as one for retroactive child support under A.R.S. § 25-809(A) and (B), she does not assert that she made such a request to the superior court and presents no argument that the court erred by not *sua sponte* ordering retroactive support. *See Gelin v. Murray*, 251 Ariz. 544, 547, ¶¶ 15–16 (App. 2021) (court has the discretion to impose past support).

¶12        Mother also argues that the court erred by determining Father's monthly income based only on his pretrial statement, which included no earnings from his business. But Mother did not raise the issue below, and we will not consider it for the first time on appeal. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("Generally, arguments raised for the first time on appeal are untimely and deemed

waived."); *see also* ARCAP 13(a)(7)(A) (argument must contain citations of legal authorities on which appellant relies).

## CONCLUSION

**¶13**      We affirm.

