NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KIRK MICHAEL MCENANEY, *Petitioner/Appellee*,

*v.*

TRACY DUCHARME, *Respondent/Appellant*.

No. 1 CA-CV 22-0203 FC
FILED 2-28-2023

Appeal from the Superior Court in Maricopa County
No. FC2013-090312
The Honorable Keith A. Miller, Judge

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

COUNSEL

Kirk Michael McEnaney, Gilbert
*Petitioner/Appellee*

DeWitt-Lopez Law, PC, Phoenix
By Kristen J. DeWitt-Lopez
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

_____

**B A I L E Y**, Judge:

¶1          Tracy DuCharme ("Mother") appeals the superior court's post-decree modification of legal decision-making, parenting time, and child support.  For the following reasons, we affirm as to legal decision-making and parenting time, but reverse and remand in part as to child support.

## FACTS AND PROCEDURAL HISTORY

¶2          Mother and Kirk Michael McEnaney ("Father"; collectively "Parents") married in 1998, had two children, and divorced in 2014.  The decree of dissolution awarded Parents joint legal decision-making authority and equal parenting time.

¶3          In October 2020, Mother moved for a Post-Decree Temporary Order Without Notice, asking the court to suspend Father's parenting time and award her sole legal decision making.  She contemporaneously filed a Petition to Modify Legal Decision-Making, Parenting Time and Child Support ("October 2020 Petition"), requesting Father's parenting time be supervised and claiming the children wanted no contact with Father's girlfriend.  In her motion, she alleged that Father "drives drunk with the children[,] drinks to the point of memory loss," had broken items and cursed at the children.  She noted that the Department of Child Safety ("DCS") was involved and attached a copy of the Present Danger Plan she submitted to DCS.  She alleged that an Order of Protection ("OOP") including the children had been granted but had not been served.  Father filed a verified response to the motion denying the allegations.

¶4          The superior court issued an emergency temporary order, awarding Mother full custody of both children.  In December, after a hearing on the motion, the superior court ordered Mother to remain the children's sole legal decision maker and affirmed that Father would have no parenting time while the OOP remained in effect.  The court ordered that if the children were removed from the OOP as parties in need of protection,

Father could exercise only non-overnight parenting time and could not drive with the children. The OOP was dismissed at Mother's request three days after the hearing. Father thus regained non-overnight parenting time, but Mother retained sole legal decision-making.

**¶5** Eight days after the hearing, Mother moved for Emergency Supplemental Temporary Orders Without Notice, requesting an order that Father abstain from alcohol, submit to alcohol testing, disclose the test results to Mother, and forfeit his parenting time if a positive test occurred. The court denied the motion.

**¶6** In late January 2021, Mother again moved for Emergency Supplemental Temporary Orders Without Notice, requesting that Father's parenting time be supervised, and he submit to random alcohol testing. The court granted the motion in part, requiring Father to test for alcohol with BACtrack before he exercised parenting time, and ordering Father to disclose the test results to Mother.

**¶7** The superior court held a one-day trial on Mother's October 2020 Petition in November 2021. By that time, only the younger child was unemancipated; the eldest child turned 18 in May 2021. The eldest child, Father, Mother, and the younger child's therapist testified.

**¶8** After taking the matter under advisement, the court found that Father's "alcohol abuse in October of 2020" was a material change in circumstances, and ordered Parents to share joint legal decision-making authority, with Father having final authority. Parents were awarded alternating weeks of parenting time, which the younger child wanted. The court also awarded retroactive child support to Mother for the younger child for the period covering the temporary order and adjusted prospective child support.

**¶9** As to legal decision-making the court made findings under A.R.S. § 25-403.01, including that "Mother's desire for sole legal decision making is partially influenced by her animosity towards Father," and that the court "has concerns that the way Mother wielded sole legal decision-making over the past year [was] indicative of a desire to alienate the [younger] child from Father."

**¶10** On parenting time, the court made specific factual findings on each of the A.R.S. § 25-403(A) factors. The court noted "significant domestic violence during the parties' marriage," but found "no recent acts of alleged domestic violence."

**¶11**        As to Father's alcohol abuse, the court found that his October 2020 episode (characterized as when he "drunkenly broke [the younger child's] alarm clock") created a rebuttable presumption that sole or joint legal decision-making by him was not in the child's best interest. *See* A.R.S. § 25-403.04(A). But, in considering all relevant factors in subsection (B), the court found that Father's BACtrack results between October 2020 and October 2021 "indicate that Father is not currently abusing alcohol." The court found that Father was "largely, though not perfectly, sober," between October 2020 and February 2021 owing to his TERROS results, and noted that he tested negative for alcohol in every test taken after January 23, 2021. The court accordingly found "Father's alcohol use is now under control" and Father rebutted the presumption.

**¶12**        Mother timely appealed. We have jurisdiction pursuant to A.R.S § 12-2101(A)(2).

## DISCUSSION

**¶13**        Father did not file an answering brief, and while we may consider the failure to file an answering brief a concession of error, we decline to do so here. *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002) (citing Ariz. R. Civ. App. P. 15(c)).

**¶14**        We review an award or modification of legal decision-making and parenting time for an abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). We will affirm the superior court's order if supported by competent record evidence. *Smith v. Smith*, 253 Ariz. 43, 45, ¶ 9 (App. 2022). We do not reweigh conflicting evidence on appeal or second-guess the court's credibility assessments. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

I.        Reasonable evidence supports a finding that Father rebutted the presumption under A.R.S. § 25-403.04.

**¶15**        Mother argues the superior court lacked sufficient evidence to find Father overcame the presumption that joint legal decision-making and parenting time were not in the younger child's best interests under A.R.S. § 25-403.04.

**¶16**        In its order, the court considered each factor under A.R.S. § 25-403.04(B). The court found Father tested negative for alcohol between December 2020 and October 2021. The TERROS report from October 2020 through February 2021 reflects several missed calls but no missed scheduled tests. Apart from one scheduled test, the BACtrack results

4

disclose no other missed tests from February 2021 onward. Father testified at trial that he had participated successfully in two alcohol treatment programs. The superior court's conclusion that Father rebutted the presumption against awarding him joint legal decision-making is supported by reasonable evidence. The court considered and weighed the evidence as required, and we find no abuse of discretion.

II.     Mother's argument on the law of the case is meritless.

¶17     Mother argues that the superior court's finding, that she used her temporary sole legal decision-making authority to alienate the children from Father, violates the law of the case or constitutes a failure to enforce the court's own orders. But Mother cites no authority suggesting that a factual finding that critiques how she exercised her legal authority constitutes "a retroactive[] rexamin[ation] [of] the temporary award" of sole legal authority, or a failure to enforce prior orders. Contrary to Mother's argument, the court did not penalize her for exercising legal decision-making authority, but for *how* she did so. The superior court's finding did not violate the law of the case.

III.    The superior court considered all factors under A.R.S. § 25-403(A).

¶18     Mother contends the superior court abused its discretion by failing to consider each A.R.S. § 25-403(A) factor when determining the child's best interests. *Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 11 (App. 2009). But the superior court considered the required factors with specificity.

¶19     Indeed, Mother's argument invites us to reweigh the evidence, which we must decline. *See Gutierrez*, 193 Ariz. at 347, ¶ 13. She suggests, among other things, that the court mischaracterized the relationship between Father and the children, did not consider Father's failure to attend parent-teacher meetings while subject to the OOP, and failed to discern the youngest child's true wishes. But Mother points to no section 403(A) factor for which the court lacked record evidence to make its findings. At best, she disagrees with the superior court's credibility determinations and contested evidence at trial. The superior court did not abuse its discretion here.

IV.    Mother's argument concerning domestic violence fails.

¶20     Mother also contends the court failed to make specific findings on her allegations that Father drove while intoxicated, verbally abused the children, and broke an alarm clock. A.R.S. § 25-403.03 requires

a court, upon a finding of significant domestic violence or of a significant history of domestic violence, to presume that an award of sole or joint legal decision-making to the offending parent is contrary to the child's best interests in a parenting time award. The offending parent may rebut this presumption, and in so doing the court must consider the factors outlined in A.R.S. § 25-403.03(E) and (F). When this presumption exists, it is error for the court to fail to make findings accordingly. *DeLuna v. Petitto*, 247 Ariz. 420, 425, ¶¶ 17-19 (App. 2019).

**¶21** Mother argues the court disregarded the eldest child's testimony about Father's drinking and driving with the children. But Father testified and categorically denied the accusations, and we will not question the superior court's credibility determination. *See Gutierrez*, 193 Ariz. at 347, ¶ 13. Father also denied throwing the alarm clock, though he admitted to hitting an alarm clock against a desk. The younger child's counselor testified that the child never reported any abuse, verbal or otherwise, and that the younger child enjoyed spending time with Father. Father also denied ever using abusive language. Reasonable evidence supports a finding that no verbal abuse occurred.

**¶22** The court found no domestic violence or child abuse beyond what occurred on November 20, 2020. Even so, Mother contends that "no incident occurred or was alleged to have occurred on that date," and a search of the record reveals that the specific date alleged was likely a scrivener's error.

**¶23** Because reasonable evidence supports the court's finding of no post-decree domestic violence, the presumption did not apply. The court did not abuse its discretion here.

V. Reasonable evidence supports the court's determination of Child Support Income, but the court erred by failing to award retroactive child support for the eldest child.

**¶24** The superior court's order adopted two Child Support Worksheets, calculated pursuant to the 2022 Child Support Guidelines. While Mother notes that both orders appear to cover the same period, it is clear from the order that one is retrospective and the other prospective. Mother challenges the orders on two grounds: 1) the $6,000 per month of income imputed to her, and 2) the failure to award retroactive support for the eldest child.

**¶25** The court did not err in imputing a $6,000 per month income to Mother. Although Mother filed an Affidavit of Financial Information

listing a gross salary of $5,200 per month in December 2020, she also disclosed a bank statement showing an average of $6,295.59 in monthly deposits from January through July 2021. Mother did not provide more recent or more comprehensive financial information for 2021, despite Father's requested discovery. To the extent the superior court found, in weighing credibility and the evidence presented, that the 2021 deposits more accurately reflected Mother's true earnings, it did not abuse its discretion by annualizing her income based on those deposits. *See* A.R.S. § 25-320 app. § 2(A)(1)(c) (permitting annualization of fluctuating income).

¶26 That said, the court erred by failing to award retroactive child support to Mother for the eldest child for the period between the October 2020 temporary order and the child's emancipation. Courts must order retroactive support back to the filing date of a petition to modify. A.R.S. § 25-809(A); *see also Gelin v. Murray*, 251 Ariz. 544, 547, ¶ 14 (App. 2021). The Child Support Guidelines "generally require support to continue until the child is emancipated or reaches majority." *In re Marriage of Allen*, 241 Ariz. 314, 317, ¶ 15 (App. 2016).

¶27 Because the order does not state findings to support a deviation from the Guidelines, it was error for the court not to award child support to Mother for the eldest child. A.R.S. § 25-320 app. § 1(C)(1) ("These Guidelines apply to all children for whom there is a legal obligation to support."); *see also* A.R.S. § 25-809(A) (". . .the court *shall* direct, subject to applicable equitable defenses . . ."). We remand for the superior court to recalculate child support to include support for the eldest child or to make findings that a deviation is in the children's best interest.

## CONCLUSION

¶28 We affirm the superior court's orders as to joint legal decision-making and parenting time but reverse and remand for recalculation of retroactive child support as set forth above.

