NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JESSICA NOBLES, *Petitioner/Appellant*,

*v.*

JONATHAN NOCE, *Respondent/Appellee*.

No. 1 CA-CV 25-0181 FC

FILED 10-06-2025

Appeal from the Superior Court in Maricopa County
No. FC2016-070188, FC2016-001992 (Consolidated)
The Honorable Jillian Francis, Judge

**AFFIRMED**

COUNSEL

Jessica Nobles, Mesa
*Petitioner/Appellant Pro Se*

Jonathan Noce, Buckeye
*Respondent/Appellee Pro Se*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

---

**F O S T E R**, Judge:

¶1 Jessica Nobles ("Mother") appeals the superior court's order (1) awarding Jonathan Noce ("Father") sole legal decision-making as to their minor child ("Child"), (2) allowing Mother supervised parenting time after "demonstrat[ing] 6 months of sobriety" and (3) ordering Mother to pay child support. For the following reasons, this Court affirms the order.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2022, Mother and Father entered into a stipulation where Child resided with Mother, Father received regular parenting time and the parties shared joint legal decision-making over Child. The orders also required Father to pay child support to Mother. But in February 2024, the Department of Child Safety ("DCS") removed Child from Mother's care "due to alcohol/substance use, mental health conditions, physical impairment, and/or cognitive limitations." Based on the removal, Father petitioned to modify legal decision-making, parenting time and child support, and moved for temporary orders to transfer custody from Mother. Father's petition sought sole legal decision-making for himself and supervised parenting time for Mother. The court issued temporary orders granting Father sole legal decision-making and Mother supervised parenting time three times a week. The court's order allowed for increasing parenting time if Mother proved six months of sobriety through drug testing.

¶3 The court also appointed an advisor to make recommendations regarding Child's best interests. After interviewing the parties and Child, the advisor provided a report to the court. The advisor reported concerns regarding Mother's (1) "overall health and alcohol abuse," (2) "refus[al] to take responsibility for her actions and behaviors," (3) failure to be "forthright" with information and (4) "attempting to manipulate the process." The report also revealed that Mother had recently been hospitalized, had brain surgery and was a patient at a behavioral health facility. The advisor recommended granting Father sole legal

decision-making and assigning Father as the primary residential parent with Mother receiving supervised parenting time until "demonstrat[ing] nine months of sobriety." Later that year, Mother petitioned to enforce her parenting time under the previous temporary orders, claiming that Father refused to cooperate with a family supervision agency to conduct her supervised visits.

¶4        After an evidentiary hearing on Father's petition, the court awarded Father sole legal decision-making, granted Mother supervised parenting time after showing six months of sobriety and ordered Mother to pay child support. A few days later, the court dismissed Mother's petition to enforce the temporary orders. Mother timely appealed.

¶5        This Court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶6        Mother asks this Court to reconsider the superior court's orders regarding legal decision-making, parenting time and child support. Father's response asks for denial of such relief, stating Mother's brief lacks any legal basis for the relief she requests.

**I.        This Court prefers to decide cases on the merits.**

¶7        Arizona Rule of Civil Appellate Procedure ("Appellate Rule") 13 requires an appellant's opening brief to provide "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies." Ariz. R. Civ. App. P. 13(a)(7)(A). Failing to comply with the requirements for an opening brief may waive issues "not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (quotation omitted). This rule applies to self-represented "litigants in Arizona [who are held] to the same standards as attorneys and [are] not afford[ed] special leniency." *Id.*

¶8        Mother's opening brief contains neither references to the record nor citations to legal authority. But in cases involving a child's best interests, the child's interests are paramount and this Court will not exercise its discretion to strictly enforce Appellate Rule 13. *See Nold v. Nold,* 232 Ariz. 270, 273, ¶ 10 (App. 2013) ("[F]ailure to raise the issues with the family court does not prevent [this Court] from considering [an] argument that the family court erred by failing to make the required statutory findings."). Because courts "prefer to decide cases on their merits" to the extent that this

Court discerns the issues raised in Mother's brief, it will address them. *Flynn v. Flynn*, 257 Ariz. 1, 3, ¶ 6 (App. 2024); *accord Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

## II. The record supports the court's orders on legal decision-making and parenting time.

**¶9** Mother seeks reconsideration of the superior court's legal decision-making and parenting time orders based on "inaccuracies and new evidence." This Court reviews orders on legal decision-making and parenting time for an abuse of discretion. *Pridgeon v. Superior Court,* 134 Ariz. 177, 179 (1982). "[T]he family court is in the best position to judge the credibility of witnesses and resolve conflicting evidence." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) (citation omitted). This Court will not substitute its judgment unless the superior court's findings are clearly erroneous. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).

**¶10** When determining whether to modify legal decision-making, the court must act in the child's best interests, considering all relevant factors. A.R.S. § 25-403(A). First, Mother claims "[d]espite completing all court-mandated requirements and additional efforts beyond what was requested, I have not been provided with adequate communication." But the record before this Court does not support Mother's claim.

**¶11** On the day the court held its hearing to determine temporary orders, it ordered Mother to submit to drug testing. Her test results were positive for alcohol and buprenorphine. Over seven months later at the final evidentiary hearing, Mother again produced evidence of blood alcohol concentration testing. But the evidence only contained results from the month before the final hearing and revealed two "Non-Compliant" results within that time span.

**¶12** Similar to Mother's complaint of inadequate communication, she asserts Father has allowed only limited contact with her son. But again, the record shows the limited contact is related to Mother's behavior—notably her sobriety. The court-appointed advisor's report noted Mother "refused to take responsibility for her actions and behaviors and . . . Mother's actions and behaviors are having a significant impact on the relationship with [Child]. The advisor's report detailed that communication between Mother and Child was difficult because Child did not want to participate in the calls. Child relayed that communication with Mother would remind him of things Mother would do to him such as hitting. Child also told the court advisor that he was not "ready to visit" Mother. Child

said he would be ready to visit Mother if she would "change her lifestyle and stop drinking." Thus, the lack of communication that Mother complains about is based on her own actions.

¶13 Mother also argues that her rights have been diminished even though there is substantial evidence of her accomplishments and growth. But again, the record does not support Mother's claims. The court-appointed advisor's report and the court's findings expressed concern about Mother's ability to care for Child. Further, the record does not support Mother's position as to her health or employment.

¶14 Mother also claims that Father's failure to comply with the temporary orders hampered her parenting time. Although Mother filed a motion to enforce the temporary orders, she did so after the court held the evidentiary hearing. The court's order, entered in January, does state that Mother had not filed a petition to enforce. However, the court was referring to the status of the case at the time of the hearing, not what occurred after. Thus, when the court denied Mother's motion to enforce, it did so with the benefit of having just presided over the evidentiary hearing where it heard evidence about Mother's alcohol abuse and Child's reluctance to spend time with Mother. Because the court granted Father's modification request, the orders that Mother sought to enforce were no longer in effect.

¶15 This Court does not reweigh conflicting evidence on appeal but defers to the superior court's determinations of witness credibility and its findings as to conflicting evidence. *Vincent*, 238 Ariz. at 155, ¶ 18. Therefore, this Court upholds the superior court's order. *Id.* The superior court did not abuse its discretion in granting Father sole legal decision-making and limiting Mother's parenting time based on her lack of sobriety.

## III. The court did not abuse its discretion concerning the child support orders.

¶16 Mother also contests the order to pay child support during her hospitalization. This Court reviews child support orders for an abuse of discretion. *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002).

¶17 "[T]he superior court must award retroactive child support dating back to the petition filing date," "subject only to applicable equitable defenses." *Gelin v. Murray*, 251 Ariz. 544, 545, 547, ¶¶ 1, 14 (App. 2021); *see also* A.R.S. § 25-809(A), (B). Here, the court found "Father [w]as entitled to 10 months of past due support," which the court found to be the "appropriate past support from the date of filing of the current petition until today." Based on the child support worksheet, the court awarded

Father $472 per month in child support and a judgment of $4,720 for ten months of past child support. This Court presumes the superior court considered Mother's hospitalization. *Hart v. Hart*, 220 Ariz. 183, 188, ¶ 18 (App. 2009) (this Court presumes that the superior court knows and correctly applies the law unless the record contradicts that presumption). Furthermore, as appellant, Mother has an obligation to provide transcripts necessary to consider the issue on appeal. *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (citing *Baker v. Baker*, 193 Ariz. 70, 73 (App. 1995)). Because the hearing transcript is not in the record, this Court presumes the transcript would support the court's ruling. *Id.*

**¶18** Finally, Father's response seemingly argues that he is owed reimbursement for past child support paid to Mother. To the extent that he seeks review of that issue, he failed to file a cross-appeal and this Court lacks jurisdiction to review the issue. *Madisons Chevrolet, Inc. v. Donald*, 109 Ariz. 100, 104 (1973) (appellee must file a cross-appeal when "seek[ing] to enlarge on appeal the relief the appellee seeks"); *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982) ("The court of appeals acquires no jurisdiction to review matters not contained in the notice of appeal."); *see also* Ariz. R. Civ. App. P. 8(d) ("Failure of a[] . . . cross-appellant to perform an act *other than the timely filing a notice of . . . cross-appeal* does not affect the appellate court's jurisdiction.") (emphasis added). Therefore, this Court will not consider Father's argument. The court did not abuse its discretion regarding its child support orders.

## CONCLUSION

**¶19** For the reasons stated, the superior court's order is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:     JR

6